UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CR-71-PLR-HBG |
| | ) | |
| CEDRIC MOORE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF COMMITMENT FOR
MENTAL EXAMINATION AND EVALUATION**

This matter is before the undersigned on the Defendant's Motion to Determine Competency of Defendant [Doc. 31], filed on April 21, 2017, and referred [Doc. 33] on April 25, 2017. *See* 28 U.S.C. § 636(b). The parties appeared on May 2, 2017, for a hearing on the motion. Assistant United States Attorney Kelly A. Norris appeared on behalf of the Government. Attorney Robert R. Kurtz represented the Defendant, who was also present.

In his motion, the Defendant asks for a psychological evaluation by the Bureau of Prisons of his competency to proceed in his case. By way of background, the Court observes that the Defendant entered a change of plea before District Judge Pamela L. Reeves on November 22, 2017, and is presently set for a sentencing hearing on May 15, 2017. In late February, the Defendant requested [Doc. 25] the substitution of appointed counsel. The Court held a hearing on this motion on March 28, 2017; found [Doc. 30] the Defendant's relationship with prior counsel to be irreparably broken; and appointed Mr. Kurtz to represent the Defendant. The Defendant has now filed the instant request for a competency determination, along with a motion [Doc. 32] to withdraw his guilty plea. In the instant motion, defense counsel states that in the short time he has

represented Defendant Moore, he has grown seriously concerned about the Defendant's ability to assist in his own defense, consult with counsel with a reasonable degree of understanding, and to understand the nature and consequences of the proceedings. Counsel states that the Defendant struggles to understand basic legal concepts and vocabulary. He states that the Defendant has a diagnosis of intellectual disability, a low IQ, and a history of psychiatric hospitalizations and mental health treatment. Although the Defendant was found to be competent in June 2004, counsel believes that the Defendant may have decompensated in the twelve years that he was incarcerated.

At the May 2 hearing, Mr. Kurtz stated that, since he was appointed on March 28, he has met with the Defendant multiple times. He said that he filed a motion to withdraw the guilty plea on the Defendant's behalf, but he is concerned that the Defendant does not understand the consequences of filing that motion or the potential ramifications, if the motion is granted. He argued that the Defendant has a mental condition, and the question for the Court is the effect of that condition on the Defendant's ability to understand the proceedings and assist with his defense. Mr. Kurtz said the Defendant struggles to read or write. He stated that despite spending a long time reviewing the Presentence Report with the Defendant, he has no confidence that the Defendant understands basic legal concepts.

AUSA Norris said that the Government has no information to contradict Mr. Kurtz's representations and takes no position on the requested competency evaluation. The parties jointly requested that the Court stay the litigation of the Defendant's Motion to Withdraw Plea until the matter of his competency is resolved.

Based upon the information presented at the hearing, the Court finds that reasonable cause exists to believe that the Defendant may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the

nature and consequences of the proceedings against him or to assist properly in his defense. The Court concludes that reasonable cause exists to warrant a mental examination under 18 U.S.C. § 4241(a). Accordingly, the Court **GRANTS** the Defendant's motion [**Doc. 31**] to undergo a competency evaluation. It is hereby **ORDERED**, pursuant to Title 18, Sections 4241(b), 4247(b), and 4247(c), of the United States Code, as follows:

> (1) The Defendant shall remain in custody to await designation for confinement in a suitable facility for the purpose of conducting a psychiatric and/or psychological examination by one or more licensed or certified psychiatric and clinical psychologists. After designation of the facility is received, the Defendant shall be transported by the United States Marshals Service to such facility.
>
> (2) The purpose of the evaluation shall be for one or more licensed or certified psychiatrists and/or clinical psychologists to conduct psychiatric and psychological examinations of the Defendant for the purpose of determining whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense,
>
> (3) Pursuant to Rule 12.2(c), the Defendant is to submit to such examinations as ordered above.
>
> (4) The Defendant shall be given any necessary medications if determined appropriate by the medical staff at the facility.
>
> (5) The examiner and/or examiners designated to conduct such examinations shall, pursuant to Title 18, United States Code, Section 4247(c), file with the Court, as soon as possible after the completion of such examinations, a report of their examinations with copies provided to counsel for the Defendant and counsel for the United States, and said report shall include:
>
>> (a) the Defendant's history and present symptoms;
>>
>> (b) a description of the psychiatric, psychological and medical tests that were employed and their results;
>>
>> (c) the examiner's findings;

> (d) the examiner's opinions as to diagnosis and prognosis, and
>
> (e) the examiner's opinion as to whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

(6) Pursuant to Title 18, Section 4247(b), of the United States Code, the Defendant shall be committed to the custody of the Attorney General for the purpose of such examinations for a reasonable period of time not to exceed **THIRTY (30) DAYS**, unless otherwise ordered by the Court.

(7) The Defendant shall be **FORTHWITH RETURNED** to the custody of the United States Marshal immediately following the completion of the evaluation or the expiration of the thirty (30) day period, or any reasonable extension of that time period, whichever is sooner.

(8) A competency hearing and/or status conference is set for **August 3, 2017, at 11:00 a.m.** If the Defendant has returned and the Court has received the forensic report prior to this time, the Court may schedule a competency hearing on an earlier date. If the Defendant has not returned or the Court has not received the forensic report by this date, then the matter will proceed as a status conference.

(9) The United States Marshal shall notify the Clerk of the Court and the undersigned's office promptly when Defendant returns to this jurisdiction from the mental evaluation. If the Defendant has returned in time, the marshals shall bring him to the **August 3, 2017** competency hearing.

(10) Because of the length of time necessary to evaluate the Defendant, the Defendant's May 15, 2017 sentencing hearing is cancelled, to be reset upon his return to the district, if he is found competent. All time during which the Defendant is undergoing a mental examination for competency, 18 U.S.C. § 3161(h)(1)(A), along with a reasonable time for transportation to and from such examination, 18 U.S.C. § 3161(h)(1)(F), is fully excludable under the Speedy Trial Act.

(11) The parties' oral motion to stay Defendant's Motion to Withdraw Plea [Doc. 34] is **GRANTED**. The Motion to Withdraw

Plea will be held in abeyance until the August 3, 2017 competency hearing, at which time the Court will set a schedule for this motion.

(12) The Clerk of Court is **DIRECTED** to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshals Service.

**IT IS SO ORDERED.**

        ENTER:

        _____
        United States Magistrate Judge