UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CEDRIC MOORE, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> Respondent. ) | Nos. 3:18-CV-230 <br> 3:16-CR-071 |

## MEMORANDUM OPINION

Petitioner, Cedric Moore, has filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 1; Criminal Docket ("Crim.") Doc. 61].[1] Respondent has filed a response in opposition to the motion [Doc. 5], to which Petitioner has replied [Docs. 7 & 8]. Petitioner also submitted an "Amended Section 2255 Motion" [Doc. 13] to which the United States has not responded. For the reasons below, Petitioner's *pro se* motions for appointment of counsel [Docs. 3 & 11], will be **DENIED**, Petitioner's *pro se* motion to supplement [Doc. 12] will be **GRANTED**, to the extent that the Court has considered it, and Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 61] will be **DENIED**.

### I. BACKGROUND FACTS AND PROCEDURAL HISTORY

In May 2016, Petitioner entered a Family Dollar Store with a semi-automatic pistol [Crim. Doc 51, ¶ 5]. Petitioner walked up to the counter, brandished his weapon, and demanded money [*Id.*]. While the clerk was trying to open the register, Petitioner cocked

---

[1] Document numbers not otherwise specified refer to the civil docket.

1

the pistol and said, "give me the money or I'll blow your brains out" [*Id.*]. After receiving the money, Petitioner ran from the store where he was apprehended after a short chase [*Id.*].

On November 22, 2016, Petitioner pled guilty to committing Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a) and brandishing a firearm during and in relation to that crime of violence in violation of 18 U.S.C. § 924(c) [Crim. Doc. 19].[2] The maximum sentence for a violation of 18 U.S.C. § 1951(a) is twenty years, 240 months. 28 U.S.C. § 924(c)(1)(A)(ii) carries a mandatory minimum sentence of seven years, 84 months, to be served consecutive to any other term of imprisonment. Because Petitioner had at least two prior convictions for crimes of violence, he was a career offender with a corresponding Guidelines range of 262 to 327 months imprisonment [Crim. Doc. 51, ¶¶ 18, 65]. If Petitioner was not a career offender, the Guidelines range was 235 to 272 months [*Id.*]. The Court sentenced him to be imprisoned for 272 months: 188 months for Count One and an 84-month sentence as to Count Two [Crim. Doc. 55, p. 2]. Petitioner did not file an appeal.

Petitioner filed a § 2255 motion alleging that § 924(c) was void for vagueness and that, in the alternative, Hobbes Act Robbery is not a crime of violence under § 924(c). Petitioner also filed an amended motion which raised a new argument that his sentence was illegal as he could not be a career offender due to Hobbes Act robbery not being a crime of violence under the sentencing guidelines. The United States did not respond to this claim.

## II. STANDARD OF REVIEW

---

[2] Petitioner attempted to withdraw this plea but was ultimately unsuccessful [Crim. Doc. 48].

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). In order to obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A

3

motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

### III. ANALYSIS

As an initial matter, Petitioner has several pending motions relating to this § 2255 proceeding. As to his supplemental motion [Doc. 12], this Court will **GRANT** the motion, to the extent that it has considered the information contained therein, which relates to his crime of violence claim, and is discussed further below.

For the reasons stated below, the Court will deny Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 61]. Petitioner is correct that the residual clause of § 924(c)(3)(B) is unconstitutionally vague, but he errs in concluding that Hobbes Act Robbery is not a crime

4

of violence as defined by § 924(c)(3)(A). Thus, Petitioner was not convicted under § 924(c)(3)(B), and his conviction is valid. Furthermore, Petitioner's amended motion, which states that he was wrongfully sentenced as a career offender, does not present a cognizable claim under § 2255. Therefore, this Court will **DENY** Petitioner's motion for relief under § 2255.

As to Petitioner's motions to appoint counsel [Docs. 3 & 11], there is no constitutional right to counsel in post-conviction proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (observing that the "right to appointed counsel extends to the first appeal of right, and no further"); *Foster v. United States*, 345 F.2d 675, 676 (6th Cir. 1965) (noting that the constitutional right to counsel does not extend to collateral proceedings). Even so, a district court has discretion, under 18 U.S.C. § 3006A(a)(2), to appoint counsel when "the interests of justice so require." *See Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). In exercising discretion as to whether to appoint counsel, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

Here, Petitioner states that he is unable to afford counsel, the issues in this case are complex, and he has a limited knowledge of the law, but provides no further evidence or reasoning beyond these statements. As discussed in this memorandum opinion, Petitioner has adequately presented his claims to the Court without the benefit of counsel, and the Court has found the issues to be without merit. Petitioner has failed to

offer any material facts that would justify the appointment of counsel. His motions [Docs. 3 & 11] will accordingly be **DENIED**.

### A. Crime of Violence Under § 924(c)(3)(A) Claim

An individual who brandishes a firearm during the commission of a "crime of violence" is guilty of a federal offense under § 924(c)(1)(A). The act defines crime of violence in two clauses: the use of force clause and the residual clause. *Id.* § 924(c)(3). The use of force clause is triggered when the crime has "as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* § 924(c)(3)(A). The residual clause states that a crime is a crime of violence if "by its nature, [the crime] involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(A).

Petitioner makes two related arguments. The first is that Hobbes Act robbery is not a crime of violence under the use of force clause in § 924(c). The second is that the definition of violent crime in § 924(c) is void for vagueness. While Petitioner is correct that the residual clause of 922(c) was held to be void for vagueness, he was validly convicted under the use of force clause.

The Sixth Circuit has ruled, repeatedly, that Hobbs Act robbery is a crime of violence under § 924(c)'s use of force clause. This exact argument was raised in *United States v. Camp*, 903 F.3d 594, 597 (6th Cir. 2018). The court in *Camp* acknowledged that it too was bound by prior precedent which found that "Hobbs Act robbery is a crime of violence under § 924(c)'s use of force clause." *Id.* (citing *United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017), *cert. denied* 137 S.Ct. 2230 (2017)). The Court in *Gooch* held that

6

"Section 1951(b)(1)[, defining "robbery" as used in § 1951(a),] clearly 'has an element of use, attempted use, or threatened use of physical force against the person or property of another' as necessary to constitute a crime of violence under § 924(c)(3)(A)." 850 F.3d at 292 (quoting 18 U.S.C. § 924(c)(3)(A)). The precedent is clear, Hobbes Act robbery is a crime of violence under § 924(c)(3)(A).

Petitioner was convicted of Hobbes Act robbery, and thus he committed a crime of violence under § 924(c)(3)(A). Petitioner argues that the Supreme Court's ruling in *United States v. Davis*, 139 S.Ct. 2319 (2019) means that his conviction is void. In *Davis*, the Court held that the residual clause of § 924(c) was unconstitutionally vague. *Id.* at 2336. The Court did not hold that the use of force clause, § 924(c)(3)(A), was unconstitutionally vague. As stated by the Sixth Circuit, "*Davis* offers [the defendant] no benefit if [his] offenses fall under § 924 (c)(3)(A) which survived *Davis*." *In re Franklin*, 950 F.3d 909, 911 (6th Cir. 2020) (per curiam); *see also Knight v. United States*, 936 F.3d 495 (6th Cir. 2019); (noting that while § 924(c)(3)(B) is void for vagueness, § 924(c)(3)(A) is a valid basis for finding a crime of violence under § 924(c)); *United States v. Holmes*, 797 F. App'x. 912, 918 (6th Cir. 2019) (same).

In short, Hobbes Act robbery is a crime that falls under the use of force clause of § 924(c). That clause is not invalidated by any Supreme Court precedent and has routinely been used by the Sixth Circuit to uphold convictions. Therefore, Petitioner's first two claims fail to provide a basis for which § 2255 relief may be granted.

**B.   Hobbes Act Robbery Violent Crime Claim**

7

Petitioner filed an amended 28 U.S.C. § 2255 petition. When an individual adds an additional claim to his § 2255 motion while the original § 2255 motion is pending, the Court will consider it as an amendment, not a second or successive § 2255 motion. *Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014). That means that the Court properly has jurisdiction over the amended § 2255 petition. *Id.*[3]

In the amendment, Petitioner raises the claim that in light of *United States v. Camp*, 903 F.3d 594, 597 (6th Cir. 2018), Petitioner was erroneously characterized as a career offender. *Camp* held that Hobbes Act Robbery is not a "crime of violence" under the career offender guideline. *Id.* at 598-99 (citing USSG § 4B1.2). In this case, Petitioner was wrongfully sentenced as a career offender.

However, habeas is an extraordinary remedy, and a petitioner is not entitled to habeas relief based off any error. In the context of sentencing, that relief may only be granted "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Petitioner does not imply that the sentence below violated the Constitution. It also is not in "excess authorized by law" as the maximum sentence he could have received was 324 months. 18 U.S.C. § 1951(a); 28 U.S.C. § 924(c)(1)(A)(ii); *see also Bullard v. United States*, 937 F.3d 654, 658 (6th Cir.

---

[3] While it may appear that the claim is time-barred, the Sixth Circuit has held before a court dismisses a § 2255 motion for being time-barred *sua sponte*, it must give the United States and the petitioner the ability to respond to such a defect. *Shelton v. United States*, 800 F.3d 292, 294-95 (6th Cir. 2015). While this claim may well be time-barred, the precedent is clear that the claim is not cognizable. Thus, there is no need to give such notice or rule on that basis.

8

2019) *cert. denied* 206 L. Ed. 2d 951 (May 18, 2020). (defining the phrase "in excess of maximum authorized by law" to mean a sentence which is outside of the maximum statutory penalty available). Nor can Petitioner claim the Court was without jurisdiction to impose the sentence.

Thus, the sentence must be "otherwise subject to collateral attack." "When a § 2255 claim falls under this category, the claim is generally cognizable only if [it] involved a fundamental defect which inherently results in a complete miscarriage of justice." *Bullard*, 937 F.3d at 658. (quoting *Snider v. United States*, 908 F.3d 183, 189 (6th Cir. 2018)) (quotation marks omitted) (alteration in original). The Court of Appeals has been clear, a non-constitutional challenge based on misapplication of the sentencing guidelines, does not meet this high standard.

In *Snider*, the petitioner sought relief under § 2255 because he was erroneously designated as a career offender. 908 F.3d at 191. The court held that while "the career designation may have affected the ultimate sentence imposed, 'it did not affect the lawfulness of the [sentence] itself—then or now.'" *Id.* (quoting *United States v. Addonizio*, 442 U.S. 178, 187 (1979)) (alteration in original). The court also noted that "no 'exceptional circumstances' justify the issuance of the writ in this case, especially because, without the career offender designation" the defendant's sentence would have fallen in the original suggested range. *Id.* That mirrors the facts in this case. If Petitioner was not a career offender, the guideline range would have been 235 to 272 months [D. 51, ¶ 67 in 3:16-CR-71]. The Court sentenced him to 272 months which was within the original guideline range.

Even if the Court entered a sentence in excess of the original range, precedent is clear that there would still be no claim of relief under § 2255. *Bullard*, 937 F.3d at 660. The Sixth Circuit stated,

> [R]ather than speculate about when, if ever, an incorrect designation under the advisory Guidelines could create a "fundamental miscarriage of justice," *the better practice is to broadly repeat what we said in* Snider*: "[a] misapplication-of-an-advisory-guidelines-range claim is ... not cognizable under § 2255."*

*Id.* (quoting *Snider*, 908 F.3d at 191) (emphasis added). Therefore, while Petitioner is correct that there was an error, it is not the type of error which grants him relief under § 2255. Therefore, his third claim will be denied.

## IV. CONCLUSION

For the reasons above, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 61] will be **DENIED** and **DISMISSED**. His motions for appointment of counsel [Docs. 3 & 11], will also be **DENIED**, and his motion to supplement [Doc. 12] will be **GRANTED**, to the extent that the Court has considered it.

## V. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

10

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined Petitioner's claim under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed in forma pauperis on appeal. *See* Fed. R. App. P. 24(a)(3)(A). An order consistent with this opinion will be entered.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

    s/ Leon Jordan
United States District Judge